Samuel H. Hofstadter, J.
On the court’s own motion, its memorandum decision dated October 30, 1964 is recalled and the following substituted:
Defendant moves for dismissal of the complaint with prejudice, on the ground that maintenance of the action is barred by the law of the case. In a prior action, plaintiff asserted a single cause of action for the recovery of unpaid compensation pursuant to an express oral agreement of employment. Defendant moved for summary judgment upon the ground that the claim was unenforcible pursuant to the Statute of Frauds. Plaintiff separately moved for leave to amend the complaint in that action to add a second cause of action in quantum meruit. Both motions were denied at Special Term, plaintiff’s on the ground that because of positions already taken she was not entitled to his favorable exercise of discretion. On defendant’s appeal, the order denying summary judgment was reversed and judgment was granted dismissing the complaint on the ground that the contract was clearly not capable of performance within one year (Murray v. Elizabeth Arden Sales Corp., 20 A D 2d 772). A “ Cross-Notice of Appeal ” by plaintiff from the denial of her motion was stricken by the Appellate Division.
In the present action plaintiff seeks recovery of the reasonable value of the services she rendered defendant. In support of its motion to dismiss this complaint, defendant relies on Friedman v. Salvati (11 A D 2d 104, 106) where the court stated: “ Special Term should not have considered defendant’s claim * * * in view of the prior determination by another Special Term Justice denying defendant leave to amend the answer. The denial of that motion, from which defednant did not appeal, made it the law of the ease * * *. Defendant was not *556 entitled, by indirection, to have another Justice consider or overrule the action of a court of co-ordinate jurisdiction The motion involved in Friedman v. Salvati (supra), had been made in the same case. In the case at bar, the motion was made in the prior action; and, in that action, plaintiff was not belatedly permitted to litigate the issue in the exercise of the court’s discretion. That is not a determination that bars litigation of the issue in another action after plaintiff was denied recovery on the express nral agreement on the basis that such agreement was unenforcible under the Statute of Frauds. The motion is denied.